James L. SHAW

v.

SOUTHERN AROOSTOOK
COMMUNITY SCHOOL
DISTRICT et al.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1996.
Decided Sept. 30, 1996.

Elliott Epstein, Joanne Simonelli (orally), Isaacson & Raymond, Lewiston, for Plaintiff.

Melissa A. Hewey (orally), Bruce W. Smith, Drummond, Woodsum & MacMahon, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

James L. Shaw appeals from the judgment entered against him in the Superior Court (Aroostook County, *Pierson, J.*) dismissing his three count amended complaint pursuant to M.R.Civ.P. 12(b)(6) for failure to state a claim. Shaw contends the trial court erred in granting Southern Aroostook Community School District (SACSD), Kenneth Coville and Larry Malone's motion to dismiss. We agree and vacate the judgment.

■ As we stated in *Hamilton v. Greenleaf,* 677 A.2d 525, 527 (Me.1996):

The purpose of a complaint in modern notice pleading practice "is to provide defendants with fair notice of the claim against them." *Bowen v. Eastman,* 645 A.2d 5, 7 (Me.1994). Dismissal of a civil action is proper when the complaint fails "to state a claim upon which relief can be granted." M.R.Civ.P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint and, on such a challenge, "the material allegations of the complaint must be taken as admitted." *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994) (citing *Richards v. Soucy,* 610 A.2d 268, 270 (Me.1992); *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97, 98 (Me.1984)). In reviewing the trial court's dismissal of an action, "we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (citing *Larrabee,* 486 A.2d at 99). We will uphold a dismissal "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Bd. of Envtl. Protection,* 498 A.2d 260, 266 (Me.1985) (citations omitted). The legal sufficiency of a complaint challenged pursuant to M.R.Civ.P. 12(b)(6) is a question of law. *Bowen,* 645 A.2d at 6–7 (citing *Richards,* 610 A.2d at 270).

In his amended complaint, Shaw alleges that Kenneth Coville, Superintendent of SACSD, has interfered with his contractual relationship with the school district (Count I). Shaw also alleges that the actions of SACSD, Coville and Larry Malone, the principal of Southern Aroostook Community High School, constituted the intentional infliction of emotional distress (Count II) and slander (Count III). SACSD, Coville and Malone responded to Shaw's amended complaint with a motion to dismiss.

■ "Interference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." *Barnes v. Zappia,* 658 A.2d 1086, 1090 (Me. 1995). Shaw alleges: (1) that he is employed by SACSD; (2) that Coville used fraud and

intimidation to interfere with his employment by attempting "to force [him] to resign his position, or create grounds for dismissing [him] from his position as a teacher;"[1] and that he suffered economic harm and emotional distress as a result of Coville's actions. When we examine Shaw's complaint in the light most favorable to him and take these material allegations as admitted, it does not appear beyond doubt that he is entitled to no relief under any set of facts that he might prove in support of his claim. *Hamilton,* 677 A.2d at 527.

SACSD, Coville and Malone argue that Shaw's counts alleging intentional infliction of emotional distress and slander are barred by the exclusivity and immunity sections of the Workers' Compensation Act,[2] an affirmative defense. M.R.Civ.P. 8(c). Pursuant to M.R.Civ.P. 12, an affirmative defense may be raised by a motion to dismiss if facts giving rise to the defense appear on the face of the complaint. *See Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 540 A.2d 1112, 1113 (Me.1988). Shaw does not allege that SACSD is a participating employer under the Workers' Compensation Act and nothing on the face of his amended complaint can be said to give rise to this defense.

Thus, at this time, a dismissal with prejudice of Shaw's amended complaint is premature.

The entry is:

Judgment vacated.

All concurring.

---

1. At oral argument before the trial court, Shaw requested leave to amend his amended complaint to delete the allegation that Coville acted in the course of his employment with the school district. The trial court denied his request. "When amendment as a matter of course may no longer be made, absent undue prejudice to the opponent, leave to amend should be freely granted by the court." *Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 540 A.2d 1112, 1113 (Me.1988) (citing 1 Field, McKusick & Wroth, *Maine Civil Practice* §§ 15.2–15.4 at 302–04 (2d ed. 1970)).

2. The Maine Workers' Compensation Act states that "[a]n employer who has secured the payment of compensation in conformity with [the Act] is exempt from civil actions ... at common law ... involving personal injuries sustained by an employee arising out of and in the course of employment...." 39–A M.R.S.A. § 104 (Supp. 1995). Additionally, the Act states that "an employee of an employer who has secured the payment of compensation as provided in [the Act] is deemed to have waived the employee's right of action at common law...." *Id.* at § 408. These two sections are commonly referred to as the exclusivity and immunity provisions of the Act.