STATE OF MAINE
CUMBERLAND, ss


CLERK'S OFFICE

2009 JUL -9 A 11: 22

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-09-257

BAYSIDE PROPERTY MAINT., INC.,
Plaintiff

ORDER ON
DEFENDANTS' MOTION
TO DISMISS

v.

RICHARD W. PRESTON

and

RICHARD M. ZEMLA,
            Defendants

Before the Court is Defendant Richard Preston ("Preston") and Defendant

Richard Zemla's ("Zemla") motion to dismiss pursuant to M.R. Civ. P. 12(b)(6).

## PROCEDURAL HISTORY

Plaintiff Bayside Property Maint., Inc. (hereinafter "Plaintiff" or "Bayside

Property") filed a three-count complaint against the two defendants alleging breach of a

promissory note and a security agreement. Plaintiff also seeks a declaration of the right

to foreclose on the security interest. Neither Defendant Preston nor Defendant Zemla

filed an answer; rather, they filed the motion to dismiss presently before the Court.

## FACTUAL BACKGROUND

The parties assert the following facts. The Maine Bureau of Corporations

administratively dissolved Bayside Property by notice dated October 25, 2005. *See*

Defs.' Ex. A. The corporation was not reinstated prior to commencing this action on

May 1, 2009. However, on June 1, 2009, Bayside Property was reinstated as a Maine

corporation. *See* Pl.'s Ex. A.

## DISCUSSION

### I.    Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me.1994)). When reviewing a motion to dismiss, this Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). This is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679.

Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents . . . may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43, 48; *see also MSBA Practice Series Maine Rules of Civil Procedure* 113 (Hon. Donald G. Alexander et al. eds., 2008). In this case, the Defendants present a printout from the Secretary of State and the Bureau of Corporations, Elections and Commissions. *See* Defs.' Ex. A. The Plaintiff likewise presents a printout from the Secretary of State. *See* Pl.'s Ex. A. None of these documents are certified copies or authenticated. Nevertheless, neither party questions the authenticity of these documents. For efficiency and judicial economy, the Court

assumes without deciding the authenticity of these documents in considering the substance of Defendants' motion.

## II. Standing

The Defendants contend that this action is not properly before the Court because Bayside Property did not commence this action within three years from the date it received notice that it was administratively dissolved.[1] As authority for this proposition, Defendants appear to rely on statutory language that has been amended and removed by the Legislature.

Defendants cite 13-C M.R.S. § 1406 for the proposition that an administratively dissolved corporation has a narrow window of time, namely three years, to continue transacting business for the limited purpose of winding up the business. Such business includes the commencement of a civil action. 13-C M.R.S. § 1406(2)(E) (2008). Plaintiff seems to agree with this contention, given its opposition stating that "the defendant's [sic] legal point is well made." Opp'n Br. at 1.

Until 2007, the Maine Business Corporations Act provided, in relevant part:

> A dissolved corporation continues corporate existence for a period not exceeding 3 years from the effective date of the articles of dissolution, except that the 3-year period may be extended if the extension is approved by 2/3 vote of the shareholders of the dissolved corporation and notice of the extension is filed with the Secretary of State prior to the expiration of the 3-year period. A dissolved corporation may not carry on any business except that which is appropriate to wind up and liquidate its business and affairs . . . .

13-C M.R.S. § 1406(1) (2006).

In 2007, the Legislature changed the statute to read as follows:

> A dissolved corporation continues its corporate existence but may not carry on any business except that which is appropriate to wind up and liquidate its business and affairs . . . .

---

[1] In Defendants' view, Plaintiff's standing to sue ended on October 25, 2008.

3

13-C M.R.S. § 1406(1) (2007). This language, without any reference to a three-year expiration, remains in the current version of section 1406(1). 13-C M.R.S. § 1406(1) (2008).

A reasonable conclusion one can draw from this amendment is that the Legislature deleted the three-year timeframe because it was arbitrary and artificial. *See* Model Bus. Corp. Act Annotated § 14.05 cmt. at 14-40 (4th ed. 2008) (stating that "[s]everal states provide that the corporate existence is to continue for a stated number of years following dissolution"). *Cf. Id.* § 14.07 cmt. at 14-67 (discussing the artificial nature of the three year bar on claims *against* the dissolved corporation).

Despite the fact that Bayside Property was administratively dissolved at the time of the 2007 amendment, the corporation was still in existence and is therefore bound by the updated version of the Maine Business Corporations Act. *See* 13-C M.R.S. § 1701 (2008)[2]; *see also See* Model Bus. Corp. Act Annotated § 17.01 cmt. at 17-6. Therefore, the Court applies the law as it is currently written.

Defendants' motion to dismiss rests solely on the application of the three-year expiration of an administratively dissolved corporation. Since there is no three-year time limitation in the current version of section 1406(1) the Court denies the Defendants' motion.

---

[2] Section 1701 states, in relevant part:

> [T]his Act applies to all domestic corporations in existence on the effective date of this Act that were incorporated under any general statute of this State providing for incorporation of corporations for profit or with shares or under any act providing for the creation of special classes of corporations and any corporation created by special act of the Legislature, if power to amend or repeal the law under which the corporation was incorporated was reserved. Nothing contained in this Act is intended to alter or codify the business judgment rule as developed by the courts of this State or to limit its further development.

13-C M.R.S. § 1701(1) (2008).

Therefore, the entry is:

> Defendant Richard Preston and Defendant Richard Zemla's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) is DENIED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _9th_ day of _July_, 2009

Robert E. Crowley
Justice, Superior Court

5

BAYSIDE PROPERTY MAINT INC VS RICHARD W PRESTON ET AL
UTN:AOCSsr  -2009-0046678                    CASE #:PORSC-CV-2009-00257
------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE       DATE
01 0000000458 ATTORNEY:SHUMWAY, G CHARLES II
ADDR:257 DEERING AVENUE PORTLAND ME 04103
     F FOR:RICHARD W PRESTON                  DEF        RTND   05/11/2009
     F FOR:RICHARD M ZEMLA                    DEF        RTND   05/11/2009


02 0000003871 ATTORNEY:WALSH, NICHOLAS H
ADDR:111 COMMERCIAL STREET PORTLAND ME 04101-4719
     F FOR:BAYSIDE PROPERTY MAINT INC         PL         RTND   05/01/2009




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.