STATE OF MAINE
CUMBERLAND, ss

NAOMI B. McKINNON, Individually and
as Personal Representative for the
ESTATE OF CHARLES L. McKINNON,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORP. et al.,

Defendants

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21
JCN - CUM - 7/13/2013

**DECISION AND ORDER**
(Union Carbide Corporation )

Defendant Union Carbide Corporation moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by Union Carbide Corporation, and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail ___ Electronically ✓

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21
JCN - CuM - 7/15/2013

)
NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )
)
           Plaintiff, )
)
v. )
)
AIR & LIQUID SYSTEMS CORP. et al., )
)
           Defendants )
)

**DECISION AND ORDER**
(Goulds Pumps, Inc. )

Defendant Goulds Pumps, Inc. moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by Goulds Pumps, Inc., and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see* *Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13 Electronically
Copies sent via Mail __ Electronically

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21

JCN — CUM-7/15/2013

```
                                    )
NAOMI B. McKINNON, Individually and )
as Personal Representative for the  )
ESTATE OF CHARLES L. McKINNON,      )
                                    )
              Plaintiff,            )        DECISION AND ORDER
                                    )         (Gardner Denver, Inc.)
     v.                             )
                                    )
AIR & LIQUID SYSTEMS CORP. et al.,  )
                                    )
              Defendants            )
                                    )
```

Defendant Gardner Denver, Inc. moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by Gardner Denver, Inc., and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail ___ Electronically ✓

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21

)
NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )
)
           Plaintiff, )
)
v. )
)
AIR & LIQUID SYSTEMS CORP. et al., )
)
           Defendants )
)

**DECISION AND ORDER**
(Ingersoll-Rand Company and
The Fairbanks Company)

Defendants Ingersoll-Rand Company and The Fairbanks Company move, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendants assert that the date of the Decedent's death is April 13, 2007. The certified death certificate attached to Defendants' motion, which the Court considers as an official public record, *see id.*, confirms that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death. Defendants assert, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A

2

M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendants' Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendants.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail __ Electronically ✓

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13/21
VLN - CUM-7/15/2013

)
NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )
)
Plaintiff, )
)
v. )
)
AIR & LIQUID SYSTEMS CORP. et al., )
)
Defendants )
)

**DECISION AND ORDER**
(Flowserve US Inc.)

Defendant Flowserve US Inc. moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by Flowserve US Inc., and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail ___ Electronically ✗

3

STATE OF MAINE
CUMBERLAND, ss

NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORP. et al.,

Defendants

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21

JCN- CUm - 7/15/2013

**DECISION AND ORDER**
(CBS Corporation )

Defendant CBS Corporation moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants:   negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases.  (Compl. § II, ¶¶ 2, 5-6, 15.)  Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases.  *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by CBS Corporation, and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date:  7/12/13

Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail ___ Electronically ✓

3

STATE OF MAINE                                  BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                                  Location: Portland
                                                Docket No.: BCD-CV-13-21
                                                JCN-CUM-7/15/2013

                                            )
NAOMI B. McKINNON, Individually and         )
as Personal Representative for the          )
ESTATE OF CHARLES L. McKINNON,              )
                                            )
                    Plaintiff,              )        **DECISION AND ORDER**
                                            )       (Aurora Pump Company, Foster Wheeler
v.                                          )        Energy Corporation, Georgia Pacific, LLC,
                                            )       Imo Industries, Inc., and Warren Pumps, Inc. )
AIR & LIQUID SYSTEMS CORP. et al.,          )
                                            )
                    Defendants              )
                                            )

Defendants Aurora Pump Company, Foster Wheeler Energy Corporation, Georgia

Pacific, LLC, Imo Industries, Inc., and Warren Pumps, Inc. move, pursuant to M.R. Civ. P.

12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon,

individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is

barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court,

alleging three causes of action against all named Defendants: negligence (Count I); strict

products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to

Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint

asserts that while working in various positions for various employers from the late 1940s until

1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer

and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies

Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does

not identify the date of his death or the discovery date of any asbestos-related diseases. *See Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendants assert that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendants assert, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012)

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by the Defendants, and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendants' Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendants.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date:  7/12/13

_____
Justice, Maine Business & Consumer Court

Entered on the Docket: 7/15/13
Copies sent via Mail ___ Electronically ✓

3

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21
JCN ── UM - 7/25/2013

)
NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )
)
        Plaintiff, )
)
v. )
)
AIR & LIQUID SYSTEMS CORP. et al., )
)
        Defendants )
)

**DECISION AND ORDER**
(Motion for Summary Judgment/Defendant
Tri-State Packing Supply Co.)

This matter is before the Court on Defendant Tri-State Packing Supply Co.'s Motion for Summary Judgment. In this action, Plaintiff contends that Charles McKinnon (the Decedent) was exposed to asbestos, which ultimately caused his death. Through its motion, Defendant asserts that Plaintiff's claim is barred by the statute of limitations, and that Plaintiff cannot establish the required relationship between Defendant's product and the Decedent's exposure to asbestos. Defendant filed its motion on June 26, 2013. Defendant did not file an opposition to the motion and, therefore, has waived opposition to the motion. M.R. Civ. P. 56(c); M.R. Civ. P. 7(c)(3).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747 (quoting *Lever v. Acadia Hosp.*

*Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179). Any ambiguities "must be resolved in favor of the non-moving party." *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685 (citing *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996)). To withstand a defendant's motion for summary judgment, "the plaintiff must establish a prima facie case for each element of her cause of action. If a plaintiff does not present sufficient evidence on the essential elements . . . the defendant is entitled to a summary judgment." *Blake v. State*, 2005 ME 32, ¶ 4, 868 A.2d 234, 237 (quotation marks omitted).

The summary judgment record establishes that the Decedent was diagnosed with lung cancer in June 2006, and died on April 13, 2007. Plaintiff filed the Complaint in this action on April 11, 2013. Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the Court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

The Court, therefore, grants Defendant's Motion for Summary Judgment, and enters judgment in favor of Defendant Tri-State Packing Supply Co. and against Plaintiff.[1]

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 7/25/13

                                               Justice, Maine Business & Consumer Court

---

[1] Because the Court has concluded that the record establishes that the Plaintiff's claim is barred by the statute of limitations, the Court does not address Plaintiff's other arguments in support of its request for summary judgment.

2

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-21
JCN-Cum-9/5/2013 ✓

)
NAOMI B. McKINNON, Individually and )
as Personal Representative for the )
ESTATE OF CHARLES L. McKINNON, )
)
　　　　　　　Plaintiff, )
)
　　v. )
)
AIR & LIQUID SYSTEMS CORP. et al., )
)
　　　　　　　Defendants )
)

DECISION AND ORDER
(General Electric Company)

Defendant General Electric Company moves, pursuant to M.R. Civ. P. 12(b)(6), to dismiss the three-count complaint filed by Plaintiff Naomi B. McKinnon, individually and on behalf of the Estate of Charles L. McKinnon, on ground that the action is barred by the statute of limitations. Plaintiff has not filed an opposition to the motion.

Plaintiff filed her Complaint on April 12, 2013, in Cumberland County Superior Court, alleging three causes of action against all named Defendants: negligence (Count I); strict products liability pursuant to 14 M.R.S. § 221 (2012) (Count II); and wrongful death pursuant to Maine's Wrongful Death Statute, 18-A M.R.S. § 2-804 (2012), (Count III). The Complaint asserts that while working in various positions for various employers from the late 1940s until 1993, Charles L. McKinnon (the Decedent) was exposed to asbestos and contracted lung cancer and asbestos-related diseases. (Compl. § II, ¶¶ 2, 5-6, 15.) Although the Complaint identifies Mr. McKinnon as "the Decedent" and is brought in the name of his estate, the Complaint does not identify the date of his death or the discovery date of any asbestos-related diseases. *See*

*Bernier v. Raymark Indus. Inc.*, 516 A.2d 534, 542-43 (Me. 1986) (declaring that the actionable event in asbestos exposure cases is the date of the manifestation of asbestos related disease, not the date of exposure). The matter was approved for transfer to the Business and Consumer Court on May 24, 2013.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss . . . when the authenticity of such documents is not challenged." *Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

Defendant asserts that the date of the Decedent's death is April 13, 2007. The record in this case supports that Mr. McKinnon died on April 13, 2007, from metastatic lung cancer, the onset of which was 10 months before his death.[1] Defendant asserts, and the Court agrees, that the date of death and the onset of Mr. McKinnon's disease forecloses this action regardless of whether the court applies the general six-year statute of limitations, *see* 14 M.R.S. § 752 (2012) ("All civil actions shall be commenced within 6 years after the cause of action accrues and not

---

[1] Defendants Ingersoll-Rand Company and The Fairbanks Company attached a certified copy of Mr. McKinnon's North Carolina death certificate to their motion to dismiss. Because the death certificate confirms the date of death as asserted by General Electric Company, and because Plaintiff has not opposed or countered that date of death, the Court considers the death certificate in the present motion as an official public record. *See Moody v. State Liquor Comm'n*, 2004 ME 20, ¶ 20, 843 A.2d 43.

2

afterwards"), or the two-year statute of limitations of the Wrongful Death Statute, *see* 18-A M.R.S. § 2-804(b) ("An action under this section must be commenced within 2 years after the decedent's death.").

Accordingly, because there is no set of facts that would entitle Plaintiff to relief, *see Shaw*, 683 A.2d at 503, and in light of the fact that Plaintiff has not filed any opposition to the motion, the Court GRANTS Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. The Court, therefore, dismisses Plaintiff's Complaint against Defendant.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 9/5/13

Justice, Maine Business & Consumer Court

Entered on the Docket: 9·5·13
Copies sent via Mail __ Electronically _✓

3

Counsel for Plaintiff:
Naomi McKinnon (Estate of Charles)
Thomas Scott  (local counsel)/ Erik Karst (out of state counsel)
Basham & Scott, LLC,
4 Main St.
Brunswick ME  04011

Air & Liquid Systems
David McConnell. Esq.
Perkins Thompson
One Canal Plaza Ste 900
Portland ME  04112-0426

Armstrong International
Francis Lynch, Esq.
Cetrulo & Capone
Two Seaport Lane
Boston MA  02110

Aurora Pump, Foster Wheeler, Gardner Denver, Flowserve Corp.,  IMO Industries,
Warren Pumps & Georgia Pacific
Steven Wright, Esq.
Wright & Associates
615 Congress St, Ste 15
Portland ME  04101

CBS Corporation
Elizabeth Stouder, Esq.
Richardson, Whitman Large & Badger
465 Congress St
Portland ME  04112-9545

Flowserve Corp.
B. Forsberg, Esq.
Bernstein Shur
100 Middle St
Portland ME  04104

General Electric
Kara Lynch, Esq.
McCarter & English
Cityplace I
185 Asylum St., 36ht Floor
Hartford CT  06103

Goulds Pumps
Jeffrey Edwards, Esq.
Preti Flaherty
One City Center
Portland ME 04112

Honeywell Int'l
Stephen Whiting, Esq.
The Whiting Law Firm
75 Pearl St, Ste 207
Portland ME 04101


Ingersoll Rand & The Fairbanks Company
Heidi Bean, Esq.
Verrill Dana
One Portland Square
Portland ME 04112

Tri State Packing
Christine Kennedy-Jensen, Esq.
103 Exchange St
Portland ME 04112

Union Carbide
Katherine Perry, Esq.
Adler Pollock & Sheehan
175 Federal St, 10th Floor
Boston MA 02110