MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 60
Docket:       And-15-260
Argued:       March 2, 2016
Decided:      April 21, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

KEVIN F. STRONG

v.

REBECCA M. BRAKELEY et al.

GORMAN, J.

[¶1]   Kevin F. Strong appeals from a summary judgment entered in the Superior Court (Androscoggin County, *MG Kennedy, J.*) in favor of Rebecca M. Brakeley and Jonathan M. Bausman granting them immunity from Strong's complaint for defamation and tortious interference with a business relationship. Strong contends that the court erred by concluding that 24 M.R.S. § 2511 (2015) provides Brakeley and Bausman with absolute immunity for statements they made regarding Strong's professional credentials. We affirm the judgment.

I.  BACKGROUND

[¶2]   Viewed in the light most favorable to Strong, the summary judgment record establishes the following facts. *See Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 11, 974 A.2d 276.   Brakeley, Bausman, and Strong are all

physicians licensed to practice medicine in Maine.  Synernet, Inc., is a "credentials verification organization, which collects, verifies, and dispenses physician credentialing information" to its clients, including hospitals.  St. Mary's Regional Medical Center is a hospital that provides health care services and follows competence review processes.  St. Mary's contracted with Synernet to collect credentialing information on its behalf.  Synernet began collecting credentialing information regarding Strong after Strong applied for staff privileges at St. Mary's in 2013.  As part of that effort, Synernet sent "Professional Reference Questionnaires" to Brakeley and Bausman "for the purpose of assisting St. Mary's in collecting credentialing information relating to [Strong]."  Brakeley and Bausman completed their questionnaires and returned them to Synernet, which then forwarded them to St. Mary's.

[¶3]  On October 15, 2013, Strong filed a complaint in the Superior Court against Brakeley and Bausman, alleging that certain negative statements made by them on Synernet's questionnaires caused St. Mary's to deny him staff privileges. By amended complaint, Strong asserted claims for defamation and tortious interference with his business relationship with St. Mary's, and sought punitive damages.  Brakeley and Bausman filed a motion to dismiss the complaint on the ground that they enjoyed absolute immunity for their statements pursuant to 24 M.R.S. § 2511.  The court denied the motion and allowed the case to proceed,

but limited the scope of discovery to the immunity issue. After that discovery was completed, Brakeley and Bausman filed a motion for summary judgment on all counts and, based on its conclusion that section 2511 afforded them absolute immunity, the court granted that motion. Strong appeals.

## II. DISCUSSION

[¶4] When, as here, a defendant moves for summary judgment, we first examine the summary judgment record in the light most favorable to the plaintiff to determine, de novo, whether any genuine dispute of material fact exists for trial.[1] *Cookson*, 2009 ME 57, ¶ 11, 974 A.2d 276. "An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." *Id.* (quotation marks omitted).

[¶5] The court granted a summary judgment based solely on Brakeley and Bausman's immunity pursuant to 24 M.R.S. § 2511, which is found within the Maine Health Security Act, 24 M.R.S. §§ 2501-2988 (2015). Section 2511 provides as follows:

---

[1] Strong cites to precedent from the 1970s to argue that "[s]ummary judgment is an extreme remedy," *Haskell v. Planning Bd.*, 388 A.2d 100, 102 (Me. 1978) (quotation marks omitted). Since 2001, however, we have stated on multiple occasions that "[s]ummary judgment is no longer an extreme remedy," and is instead "simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18; *see also Guardianship of Jo Ann L.*, 2004 ME 68, ¶ 11, 847 A.2d 415 ("Summary judgment procedure is an appropriate practice encouraged in most litigated cases in order to effectuate policies of judicial economy.").

4

### § 2511. Immunity

Any person acting without malice, any physician, podiatrist, health care provider, health care entity or professional society, any member of a professional competence committee or professional review committee, any board or appropriate authority and any entity required to report under this chapter are immune from civil liability:

**1. Reporting.** For making any report or other information available to any board, appropriate authority, professional competence committee or professional review committee pursuant to law;

**2. Assisting in preparation.** For assisting in the origination, investigation or preparation of the report or information described in subsection 1; or

**3. Assisting in duties.** For assisting the board, authority or committee in carrying out any of its duties or functions provided by law.

24 M.R.S. § 2511. Because the parties dispute its scope and application, we must interpret this provision de novo by first evaluating its plain language. *See MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 6, 82 A.3d 104; *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. If that language is ambiguous, we then look to legislative history and other indicia of legislative intent to determine the provision's meaning. *MaineToday Media, Inc.*, 2013 ME 100, ¶ 6, 82 A.3d 104.

[¶6]  In its first paragraph, section 2511 identifies those persons or entities who may claim immunity according to their occupation or role. The plain language of the first paragraph of section 2511 makes eligible for immunity "any

physician."[2] 24 M.R.S. § 2511. Because it is undisputed in the summary judgment record that Brakeley and Bausman are physicians, Brakeley and Bausman are eligible for immunity as a matter of law for any action described in subsection 1, 2, or 3.

[¶7] Next, in subsections 1, 2, and 3, the statute delineates the actions for which the identified persons have immunity. In subsections 1 and 2, immunity is dependent upon the identity of the recipient of a report and the purpose of the report. For subsection 3, immunity is dependent upon the provision of assistance to a board, authority, or committee. Strong contends that Brakeley's and Bausman's statements were not actions described in subsection 1, 2, or 3, and therefore they are not immune from liability. We begin by analyzing subsection 3 because it is the provision pursuant to which the Superior Court determined that Brakeley and Bausman are immune from liability. Because Brakeley and Bausman are physicians, we discuss subsection 3's application to physicians in particular.

[¶8] Subsection 3 states that immunity is afforded when a physician is "assisting" a "board, authority or committee in carrying out any of its duties or functions provided by law." 24 M.R.S. § 2511(3). There is no dispute that

---

[2] "Physician" is defined as "any natural person authorized by law to practice medicine, osteopathic medicine or veterinary medicine within this State." 24 M.R.S. § 2502(3) (2015).

Brakeley and Bausman provided information to Synernet. Strong argues, however, that Synernet does not qualify as one of the intended recipients of assistance identified by subsection 3—namely, a "board, authority or committee"—and therefore Brakeley and Bausman are not immune on that basis.

[¶9] Although "board, authority or committee" is not defined in the statute, we conclude that the phrase at least includes a "professional competence committee" based on express references to such committees in the first paragraph and in subsection 1 of section 2511. The Maine Health Security Act defines a "[p]rofessional competence committee" as, inter alia, "[e]ntities and persons, including contractors, consultants, attorneys and staff, who assist in performing professional competence review activities." 24 M.R.S. § 2502(4)(C). Section 2502 further defines "[p]rofessional competence review activity" as the "study, evaluation, investigation, recommendation or action, by or on behalf of a health care entity and carried out by a professional competence committee" that is necessary to "[m]aintain or improve the quality of care rendered in, through or by the health care entity or by physicians"; "[r]educe morbidity and mortality"; or "[e]stablish and enforce appropriate standards of professional qualification, competence, conduct or performance." 24 M.R.S. § 2502(4-B).

[¶10] The undisputed facts in this case establish that St. Mary's is a health care entity that has contracted to have Synernet collect, verify, and dispense

credentialing information for the purpose of the hospital's competence review process, and that Synernet did so as to Strong's application for staff privileges at St. Mary's. Pursuant to section 2502(4)(C), Synernet is a professional competence committee because it is a "contractor[] . . . [that] assist[s] in performing professional competence review activities,"[3] and therefore Synernet qualifies as a "board, authority or committee" pursuant to 24 M.R.S. § 2511(3).

[¶11]  In challenging the application of subsection 3, Strong also offers an unnecessarily limited view of the word "assisting," arguing that it refers only to instances in which a physician is a *member* of the board, authority, or committee, rather than to instances in which a physician provides information to or otherwise aids the board, authority, or committee. This is an illogical and unsupported interpretation. *See Fernald v. Shaw's Supermarkets, Inc.*, 2008 ME 81, ¶ 7, 946 A.2d 395 (stating that we must avoid "absurd, illogical or inconsistent results" in interpreting a statute (quotation marks omitted)). By its plain terms, section 2511(3) contains no such requirement. The statute is intended to protect the acts of the person providing assistance; Strong, by focusing on the acts of board, authority, or committee members themselves, twists subsection 3 to instead protect the acts of the committee *to whom the assistance is given*. No language in the statute

---

[3]  Contrary to Strong's suggestion, there is nothing in the language of section 24 M.R.S. § 2502(4), (4-B) (2015) or in 24 M.R.S. § 2511 (2015) that requires Synernet to make the ultimate credentialing decision in order to fall within the statute's reach.

suggests a basis for limiting the application of subsection 3 to the small subset of persons who staff such boards, authorities, and committees.

[¶12]  In the alternative, Strong contends that a physician's action does not "assist[]" a board, authority, or committee within the meaning of section 2511(3) when that action involves making a false report or making a report with ill will. By this argument, Strong attempts to impute into the statute a malice requirement that simply is not there.  *See DiPietro v. Boynton*, 628 A.2d 1019, 1024 (Me. 1993) (defining "malice" as "motivated by ill will toward the plaintiff").  The only mention of malice anywhere in section 2511 is in the first paragraph—in supplying an exhaustive list of eligible reporters, section 2511 names "[a]ny person acting without malice" independently from the other identified persons and entities on the list, including physicians.  24 M.R.S. § 2511.  Thus, the absence of malice is a requirement for anyone seeking immunity pursuant to section 2511 who otherwise does not fall within any of the listed categories of eligible reporters.  As physicians, Brakeley and Bausman are not subject to the "acting without malice" requirement, and Strong concedes as much in his brief.  The plain language of section 2511 otherwise contains no "acting without malice" requirement, and we decline to read one into it.  *Cf. Pitts v. Moore*, 2014 ME 59, ¶ 18, 90 A.3d 1169 (noting that policy decisions are reserved for the Legislature).

[¶13]  Finally, Strong suggests that section 2511 must be interpreted to limit immunity to instances in which a reporter is mandated by law to make a report. *See, e.g.*, 24 M.R.S. §§ 2505, 2506, 2602 (involving mandatory reporting requirements).  Again, section 2511(3) contains no such language.  Rather, the "provided by law" language in subsection 3 is an adjectival phrase that directly modifies the nouns "duties or functions."  *See* Univ. of Chicago Press, Chicago Manual of Style §§ 5.91, 5.156 (16th ed. 2010) (distinguishing phrasal adjectives from adverbs depending on the parts of speech they modify).  Simply put, subsection 3 affords immunity to a person assisting a board, authority, or committee when that board, authority, or committee is performing its statutory role, without regard to whether providing that assistance was a voluntary or mandatory act.[4]  As we have already determined, the summary judgment record establishes as a matter of law that Synernet was acting according to its statutory duties as a professional competence committee in seeking, on behalf of St. Mary's,

---

[4]  In *McCullough v. Visiting Nurse Service of Southern Maine, Inc.*, we considered a nurse's claim that a nursing service defamed her by reporting to the State Board of Nursing the details regarding the termination of her employment.  1997 ME 55, ¶¶ 2, 12, 691 A.2d 1201.  We agreed with the trial court that the nursing service was immune for its reports pursuant to the predecessor version of the statute, 24 M.R.S.A. § 2511 (1990 & Supp. 1996).  *McCullough*, 1997 ME 55, ¶¶ 13-14, 691 A.2d 1201.  The facts of *McCullough* happened to involve a mandatory report by the nursing service, but we did not state that mandatory reporting was always a condition for immunity pursuant to section 2511, and in fact, we noted that it was "unnecessary for us to express an opinion whether the immunity provided by section 2511 is absolute or conditioned on the reporter acting without malice."  *McCullough*, 1997 ME 55, ¶¶ 13-14, 691 A.2d 1201.

the credentialing information that was provided by Brakeley and Bausman. *See* 24 M.R.S. § 2502(4)(C), (4-B).

[¶14]  We conclude that Brakeley's and Bausman's answers to Synernet's questionnaires constituted reports by eligible reporters made for the purpose of assisting a board, authority, or committee in carrying out its statutory duties as a matter of law within the plain meaning of section 2511(3).  Strong's reading of section 2511, in contrast, would limit its application to only a select few, and would discourage the type of reporting that section 2511 was instead meant to encourage.[5]  We therefore affirm the summary judgment affording immunity to Brakeley and Bausman for their reports about Strong.[6]

The entry is:

Judgment affirmed.

---

[5] We are not persuaded by Strong's other argument—that the court erred in limiting discovery to certain topics that precluded him from inquiring into whether Brakeley and Bausman were acting "honestly, in good faith and for a legitimate purpose."  The court limited discovery to those materials that were relevant to 24 M.R.S. § 2511(3) as we have interpreted it today.  *See Fernald v. Shaw's Supermarkets, Inc.*, 2008 ME 81, ¶ 7, 946 A.2d 395 (stating that the fact-finder's limits on discovery are reviewed for an abuse of discretion).  The matters on which Strong sought additional discovery were irrelevant to the question of Brakeley and Bausman's immunity pursuant to section 2511(3). *See* M.R. Civ. P. 26(b)(1) (limiting discovery to those materials that are not privileged, relevant, and "reasonably calculated to lead to the discovery of admissible evidence").

[6] Because our conclusion—that Brakeley and Bausman are entitled to immunity pursuant to section 2511(3) as a matter of law—is dispositive, we need not consider whether they also would be entitled to immunity pursuant to section 24 M.R.S. § 2511(1) or (2).

**On the briefs:**

> Phillip E. Johnson, Esq., Johnson, Webbert & Young, LLP, Augusta, for appellant Kevin F. Strong

> Michael R. Poulin, Esq., and Amy Dieterich, Esq., Skelton Taintor & Abbott, Auburn, for appellees Rebecca M. Brakeley and Jonathan M. Bausman

**At oral argument:**

> Phillip E. Johnson, Esq., for appellant Kevin F. Strong

> Michael R. Poulin, Esq., for appellees Rebecca M. Brakeley and Jonathan M. Bausman