STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

SEP 28 2016

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-CV-16-061
AND-MG15-9-28-16

CHRISTOPHER KING

    Plaintiff,

v.

CENTRAL MAINE MEDICAL
CENTER,

    Defendant.

)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION TO DISMISS COUNT II
OF PLAINTIFF'S AMENDED
COMPLAINT & PLAINTIFF'S
MOTION FOR LEAVE TO FILE
A SUPPLEMENTAL PLEADING

Presently before the Court are the following motions: (1) Defendant Central Maine Medical Center's ("CMMC") motion to dismiss Count II of Plaintiff Christopher King's amended complaint pursuant Maine Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) Plaintiff's "motion for leave to file an amended or supplemental pleading." For the reasons discussed below, CMMC's motion to dismiss is denied. Plaintiff's motion for leave to file a supplemental pleading is granted.

## I.    BACKGROUND

Plaintiff's amended complaint alleges the following facts. Plaintiff is a registered nurse licensed by the Maine State Board of Nursing (the "Board"). (Am. Compl. ¶ 1.) Plaintiff was employed at CMMC from March 2010 until he was fired on May 22, 2014. (Id. ¶¶ 3, 20.) Plaintiff alleges that he repeatedly reported to CMMC administrators that the nurse staffing levels in the emergency department were inadequate and posed a substantial risk to patients. (Id. ¶¶ 7-19.) King alleges that he was fired in retaliation for his reports. (Id. ¶ 21.)

By letter dated July 9, 2014, the Board notified Plaintiff that it had opened an investigation of him for violations of the Nursing Practice Act. (Id. ¶ 28.) The Board's

investigation was prompted by a report from CMMC, conveying CMMC's "suspicion" that Plaintiff had committed certain misconduct. (*Id.* ¶ 30.) Plaintiff asserts that the alleged misconduct that was the basis of the investigation was conduct within the scope of his employment at CMMC. (*Id.* ¶ 29.) Plaintiff asserts that the Board concluded on October 8, 2015, that the evidence did not support CMMC's "suspicion" as described in the report. (*Id.* ¶ 31.) Plaintiff conceded that, at the time his complaint was filed, the Board's investigation remained open and he remained subject to potential discipline by the Board. (*Id.* ¶ 32.)

Plaintiff filed a two-count complaint against CMMC on May 11, 2016. Plaintiff's complaint asserts claims for violations of the Maine Whistleblower's Protection Act (the "MWPA") (Count I) and for indemnity under § 714 of the Maine Nonprofit Corporation Act (the "MNCA") (Count II). CMMC moved to dismiss both counts on June 6, 2016. Plaintiff filed an amended complaint on June 22, 2016. The amended complaint resolved the issues raised in CMMC's motion to dismiss regarding Count I.

CMMC filed a motion to dismiss the amended complaint on July 5, 2016. CMMC's motion to dismiss the amended complaint sought to dismiss only Count II for indemnity under §714 of the MNCA. CMMC argued that Plaintiff's claim for indemnity pursuant to § 714 failed to state a claim for two reasons: (1) Plaintiff was not entitled to indemnification under § 714 because there had been no final disposition by the Board;[1] and (2) CMMC is immune from liability for making reports to the Board

---

[1] CMMC incorrectly labels its first argument as an argument regarding the doctrine of ripeness. The doctrine of ripeness "concerns the fitness of the issue for judicial decision." *Waterville Indus., Inc. v. Fin. Auth. of Me.*, 2000 ME 138, ¶ 22, 758 A.2d 986 (internal citation and quotation marks omitted). "A case is ripe for judicial decision when there exists a genuine controversy between the parties that presents a concrete, certain, and immediate legal problem." *Id.* (internal citation and quotation marks omitted). Here, there is a concrete, certain, and immediate legal problem between the parties: whether Plaintiff is entitled to indemnity under

under §2511 of the Maine Health Security Act (the "MHSA"). (Def. Mot. Dismiss 1-2.) Alternatively, Defendant requested the court stay this action pending resolution of the appeal in *Lalonde v. Central Maine Medical Center*, AUBSC-CV-15-078. (*Id.* at 2.) Oral argument on Defendant's motion to dismiss was held on August 30, 2016.

On August 29, 2016, the day prior to oral argument, Plaintiff filed a "motion for leave to file an amended or supplemental pleading." In his motion, Plaintiff avers that the Board held an adjudicatory hearing on August 25, 2016, which resulted in Plaintiff's complete exoneration of any misconduct. (Pl. Mot. for Leave to Supplement 2.) Plaintiff asserts that the Board's August 25, 2016 decision completely resolves CMMC's first basis for dismissing Count II. (*Id.*) Plaintiff acknowledges that the Board's August 25, 2016 decision does not affect Defendant's claim of immunity. (*Id.* at 2 n.2.)

CMMC did not file an opposition to Plaintiff's "motion for leave to file an amended or supplemental pleading." Plaintiff's motion was discussed at the August 30, 2016 oral argument on CMMC's motion to dismiss. CMMC did not oppose Plaintiff's motion, but reiterated its argument that Count II did not state a claim for indemnity under § 714 because there had been no final disposition by the Board when the amended complaint was filed. CMMC asserted that it was still necessary for the court to determine whether Plaintiff's amended complaint stated a claim for indemnity prior to the Board's August 25, 2016 decision, because otherwise, CMMC could be liable for interest on any judgment in Plaintiff's favor dating back to the date of the original complaint under the relation back provision of Maine Rule of Procedure 15(c).

---

§714 of the MNCA. CMMC's first argument does not involve ripeness and is simply an argument that Plaintiff's complaint fails to state a claim for indemnity under § 714.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING

The court first addresses Plaintiff's "motion for leave to file an amended or supplemental pleading." Maine Rule of Civil Procedure 15(d) provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve *a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.* Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party pleads to the supplemental pleading, it shall so order, specifying the time therefor.

M.R. Civ. P. 15(d) (emphasis supplied). Because the new allegations in Plaintiff's motion occurred after the filing of his initial and amended complaints, Plaintiff's motion is one for leave to supplement a pleading, not to amend.

The court will ordinarily grant a motion to file supplemental pleading unless the opposing party can show that their position will be prejudiced or that the litigation will be unreasonably delayed. *Rancourt v. City of Bangor*, 400 A.2d 354, 356 (Me. 1979). Because CMMC has not expressed any opposition to the motion and there is no evidence that CMMC will be prejudiced or the litigation will be delayed, Plaintiff's motion for leave to file a supplemental pleading shall be granted.

## III. CMMC'S MOTION TO DISMISS

As previously discussed, CMMC argues that Plaintiff's amended complaint fails to state a claim for indemnity pursuant to § 714 for two reasons: (1) Plaintiff was not entitled to indemnification under § 714 because there had been no final disposition by the Board; and (2) CMMC is immune from liability for making reports to the Board under § 2511 of the MHSA. (Def. Mot. Dismiss 1-2.)

A. Standard of Review

The court shall dismiss a civil action when the complaint fails "to state a claim upon which relief can be granted." M.R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. The sufficiency of a complaint is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676. On a motion to dismiss for failure to state a claim, the facts are not adjudicated. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141. The court reviews the material allegations in the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that, if proven, would entitle the plaintiff to relief pursuant to some legal theory. *Bean*, 2008 ME 18, ¶ 7, 939 A.2d 676. Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that the plaintiff might prove in support of his or her claim. *Id.*

B. Whether there has been a Final Disposition

Section 714 of the MNCA generally provides nonprofit corporations with the power to indemnify its employees in "any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative," brought against the employee by reason of the their employment by the corporation, provided the employee meets the applicable standard of conduct set forth in the subsection. 13-B M.R.S. § 714(1). Subsection 714(2) further provides, in relevant part:

> [T]o the extent that [an] ... employee ... of a corporation *has been successful on the merits or otherwise in defense of any action*, suit or proceeding referred to in subsection 1, or in defense of any claim, issue or matter therein, [the employee] *shall be indemnified* against expenses, including attorneys' fees, actually and reasonably incurred by him in connection therewith.

*Id.* § 714(2) (emphasis supplied).

Subsection 714(4) provides, in relevant part:

> Expenses incurred in defending a civil or criminal action, suit or proceeding *may be paid by the corporation in advance of the final disposition of such action,* suit or proceeding as authorized by the board of directors in the manner provided in subsection 3 upon receipt of an undertaking by or on behalf of the … employee … to repay such amount,…

*Id.* § 714(4) (emphasis supplied).

In its motion to dismiss, CMMC argued that Plaintiff's amended complaint explicitly alleged that the Board's investigation "remains open" and that Plaintiff "remains subject to potential discipline." (Def. Mot. Dismiss 1); *see* (Am. Compl ¶ 32.) Thus, according to CMMC, prior to August 25, 2016, there had been no final disposition by the Board, and therefore, Plaintiff had not been successful on the merits before the Board in order to obtain indemnity under § 714. (*Id.* at 1-2.) CMMC asserted that, prior to a final disposition by the Board, any advanced payment of Plaintiff's expenses for defending himself was within the discretion of CMMC's board of directors. (*Id.* at 2.) Therefore, according to CMMC, Plaintiff's complaint failed to state a claim for indemnification under § 714 at the time it was filed. (*Id.*)

As discussed above, Plaintiff's motion for leave to supplement his pleading avers that the Board issued a final disposition in his favor on August 25, 2016. (Pl. Mot. for Leave to Supplement 2.) The court has granted Plaintiff's motion for leave to file a supplemental pleading to allege that new fact. Therefore, CMMC's argument that Plaintiff has failed to state a claim for indemnity under § 714 because there has been no final disposition by the Board is now moot.

At oral argument, however, CMMC asserted that, though there has been a final disposition by the Board, the court must still decide whether the amended complaint stated a claim at the time it was filed, because otherwise, CMMC could be liable for

interest on a judgment in Plaintiff's favor dating back to the date of the original complaint under the relation back provision of Maine Rule of Procedure 15(c).

Rule 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the condition of paragraph (2) of this subdivision is satisfied and, within the period provided by Rule 3 for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

M.R. Civ. P. 15(c). Although Rule 15(c) speaks only of amendments to a pleading, its relation back provisions are applicable to supplemental pleadings under Rule 15(d) as well. 2 Harvey, *Maine Civil Practice* § 15:7 at 490-91 (3d ed. 2011).

Here, Plaintiff's supplemental pleading does not relate to statutes of limitation, does not seek to change the party or the name of a party against whom a claim is asserted, and does not assert a new claim arising out of the same transaction or occurrence. Plaintiff's supplemental pleading merely asserts a new factual allegation that occurred after the Plaintiff's amended complaint was filed that now moots one of CMMC's arguments in support of its motion to dismiss for failure to state a claim. Thus, the relation back doctrine under Rule 15(c) does not appear to apply to this circumstance.

Moreover, as previously discussed, a motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200.

On a motion to dismiss for failure to state a claim, the facts are not adjudicated. *Marshall*, 2015 ME 135, ¶ 2, 125 A.3d 1141. The court reviews the material allegations in the light most favorable to the plaintiff to determine whether the plaintiff has alleged sufficient facts that, if proven, would entitle the plaintiff to relief pursuant to some legal theory. *Bean*, 2008 ME 18, ¶ 7, 939 A.2d 676.

Thus, whether Defendant would liable for interest dating back to the filing of the complaint or the filing of the supplemental pleading is a question of fact that the court need not decide on a motion to dismiss. That issue may be more appropriately addressed on summary judgment or at trial. The sole issue before the court on this motion to dismiss is whether Plaintiff has set forth sufficient facts entitling him to relief under some legal theory. Here, Plaintiff has alleged sufficient facts in his amended complaint and his forthcoming supplemental pleading establishing a claim for indemnity under § 714 of the MNCA.

C.    Immunity

CMMC also asserts that it is absolutely immune from liability for making a report to the Board under § 2511 of the MHSA. (Def. Mot. Dismiss 2.) Section 2511 of the MHSA provides:

> *Any* person acting without malice, any physician, podiatrist, **health care provider**, health care entity or professional society, any member of a professional competence committee or professional review committee, any board or appropriate authority and any entity required to report under this chapter *are immune from civil liability:*
> ...
> ... *For making any report or other information available to any board, appropriate authority*, professional competence committee or professional review committee *pursuant to law;*

24 M.R.S. § 2511(1) (emphasis supplied).

This court has previously held that §2511 of the MHSA confers absolute immunity on persons or entities listed in the statute for making a report or providing

information to any board, authority, profession competence committee or professional review committee pursuant to law. *Strong v. Bausman*, 2015 Me. Super. LEXIS 110, at *6 (May 5, 2015), *aff'd, Strong v. Brakeley*, 2016 ME 60, 137 A.3d 1007.

The MHSA defines a "health care provider" as "any hospital, … in which skilled nursing care or medical services are prescribed by or performed under the general direction of persons licensed to practice medicine … in this State and that is licensed or otherwise authorized by the laws of this State." 24 M.R.S. § 2502(2).

Section 2506 of the MHSA provides:

> A *health care provider* or health care entity shall, within 60 days, *report in writing to the disciplined practitioner's board or authority* the name of any licensed, certified or registered employee or … whose employment … have been revoked, suspended, limited or terminated … *for reasons related to clinical competence or unprofessional conduct,*

24 M.R.S. § 2506 (emphasis supplied).

Thus, under the § 2511 of the MHSA, CMMC is absolutely immune from civil liability for reporting the termination of a registered nurse for reasons of unprofessional conduct to the Maine State Board of Nursing pursuant to § 2506 of the MHSA.

However, viewing the amended complaint in the light most favorable to Plaintiff, Count II of the amended complaint does not seek to hold CMMC liable for the actual act of reporting its "suspicion" to the Board. Rather, Plaintiff's amended complaint seeks to enforce his statutory right to be indemnified for successfully defending himself in an action before the Board allegedly brought by reason of his employment with CMMC. The fact that it was CMMC's report to the Board that prompted the investigation is not an essential fact of Plaintiff's claim for indemnity under § 714 of the MNCA. Therefore, because Plaintiff's claims against CMMC are not "for making any report or other information available" to the Board, but for indemnity, Plaintiff's claims are not barred by § 2511 of the MHSA.

D.      Stay pending the appeal of *Lalonde v. Center Maine Medical Center*

This court recently reached a similar conclusion on a motion to dismiss in *Lalonde v. Center Maine Medical Center*, AUBSC-CV-15-078. In that case, this court concluded that a doctor's complaint for indemnification for successfully defending himself before the Maine Board of Licensure in Medicine was not barred by immunity under § 2511. Like this case, the court concluded the fact that the licensing board's action against the doctor was prompted by a report by CMMC to the board was not an essential fact to the doctor's claim. Like this case, the doctor was not seeking to hold CMMC liable for the actual act of reporting the doctor to the licensing board. Like this case, the doctor's complaint was seeking to enforce his right to indemnification.

According to CMMC, the court's denial of the motion to dismiss in *Lalonde* is presently on appeal to the Law Court. (Def. Mot. Dismiss 2.) Because of the similarities between these cases, CMMC asks that the court stay this case pending a decision by the Law Court in *Lalonde* on the issue of immunity. (*Id.*) CMMC cites no authority in support of its request for a stay pending the resolution of an appeal in an unrelated case. (*Id.*)

CMMC's appeal of the denial of their motion to dismiss in *Lalonde* is an interlocutory appeal. *See Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, ¶ 23, 956 A.2d 110 ("The denial of a motion to dismiss is not a final judgment, and ordinarily we would dismiss the appeal from the denial as an interlocutory appeal."). Unless an issue raised by an interlocutory appeal meets one of the Law Court's limited exceptions to the final judgment rule, the Court will ordinarily dismiss the appeal. *Irving Oil, Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶¶ 8-10, 91 A.3d 594.

Because CMMC's appeal in *Lalonde* is interlocutory and may be denied, the Law Court's decision in *Lalonde* may not actually resolve the question of whether § 2511 of

the MHSA bars Plaintiff's claim for indemnity. Moreover Plaintiff's amended complaint is not limited to his claim for indemnity. Count I of Plaintiff's complaint alleges violations of the MWPA. (Am. Compl. ¶¶ 22-26.) It would be unfairly prejudicial to Plaintiff to require that he await a decision by the Law Court in an unrelated case, which may not even resolve the relevant issue, before proceeding with his claims for violations of MWPA and indemnity. Therefore, the court declines to stay this action pending resolution of the appeal in *Lalonde*.

## IV.  CONCLUSION

Plaintiff Christopher King's motion for leave to file a supplemental pleading is granted. Defendant Central Maine Medical Center shall be permitted to file a supplemental answer within twenty (20) days after service of the supplemental pleading upon Defendant.

Defendant Central Maine Medical Center's motion to dismiss Count II of Plaintiff Christopher King's amended complaint is denied. Defendant Central Maine Medical Center's request for a stay is also denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Date:  9/28/16

MaryGay Kennedy
Justice, Superior Court

Attorney for: CHRISTOPHER KING
CHRISTOPHER TAINTOR  - RETAINED
 .MAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600

**DOCKET RECORD**

vs
CENTRAL MAINE MEDICAL CENTER - DEFENDANT

Attorney for: CENTRAL MAINE MEDICAL CENTER
MICHAEL POULIN  - RETAINED 06/06/2016
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

Filing Document: COMPLAINT            Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 05/11/2016

## Docket Events:

05/11/2016 FILING DOCUMENT - COMPLAINT FILED ON 05/11/2016

05/11/2016 Party(s):  CHRISTOPHER KING
      ATTORNEY - RETAINED ENTERED ON 05/11/2016
      Plaintiff's Attorney: CHRISTOPHER TAINTOR

06/03/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 05/17/2016
      THROUGH MICHAEL POULIN, ESQ.

06/03/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 05/31/2016

06/08/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      MOTION - MOTION TO DISMISS FILED ON 06/06/2016
      DEFENDANT WITH PROPOSED ORDER

06/08/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      MOTION - MOTION TO IMPOUND FILED ON 06/06/2016
      TO IMPOUND EXHIBIT TO MOTION TO DISMISS

06/17/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      MOTION - MOTION TO IMPOUND GRANTED ON 06/16/2016
      MARYGAY  KENNEDY , JUSTICE
      THE COURT HEREBY ORDERS THAT EXHIBIT A APPENDED TO THE DEFENDANT'S MOTION TO DISMISS SHALL
      BE SEALED AND TREATED AS CONFIDENTIAL BY THE COURT AND THE PARTIES UNTIL FURTHER ORDER.
      COPIES TO PARTIES

06/17/2016 Party(s):  CENTRAL MAINE MEDICAL CENTER
      ATTORNEY - RETAINED ENTERED ON 06/06/2016
      Defendant's Attorney: MICHAEL POULIN