STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV-18-12

ANNE E. SHEPARD,                )
                                )
            Plaintiff,          )
                                )      **ORDER ON DEFENDANT'S**
      v.                        )      **MOTION TO DISMISS**
                                )
DIANE MARCOUX and               )
ABLE HOME HEALTH CARE, INC.,    )
                                )
            Defendants.         )

Plaintiff Anne E. Shephard brings the present action against Defendants Able Home

Health Care, Inc. ("AHHC") and Diane Marcoux. AHHC now moves to dismiss both counts of

the Plaintiff's complaint under Maine Rule of Civil Procedure 12(b)(6).

## I.  Background and Procedural History

Plaintiff filed a two-count Complaint against Defendants on January 19, 2018, seeking to

recover damages for defamation and slander/libel per se, alleging the following facts:

AHHC provides home health care to patients in York County. (Pl.'s Compl. ¶ 3.) Anne

Shepard worked for AHHC in November 2016. (Pl.'s Compl. ¶ 5.) One of Ms. Shepard's

patients was Richard Marcoux, Diane Marcoux's father-in-law, who had been diagnosed with

terminal cancer. (Pl.'s Compl. ¶¶ 6, 9.) On November 7, 2016, Diane Marcoux reported to

AHHC that she has witnessed Ms. Shepard performing a sex act on Mr. Marcoux. (Pl.'s Compl.

¶ 19.) AHHC notified Ms. Shepard of the allegation on November 8, 2016. (Pl.'s Compl. ¶ 20.)

Ms. Shepard denied the allegation and informed AHHC that she considered the allegation that

she performed a sex act on an elderly, terminally-ill patient absurd. (Pl.'s Compl. ¶ 20.) Mr.

Marcoux passed away on November 18, 2016. (Pl.'s Compl. ¶ 6.)

1

Ms. Shepard ceased working for AHHC for reasons that are not disclosed in the complaint. Plaintiff's counsel notified AHHC of a potential claim for wrongful termination on December 16, 2016. (Pl.'s Compl. ¶ 21.)

On December 29, 2016, AHHC reported Ms. Marcoux's allegation regarding Ms. Shepard to the Maine State Board of Nursing. (Pl.'s Compl. ¶ 21.) Ms. Shepard contends AHHC's report to the board of nursing constitutes a defamatory republication of Ms. Marcoux's false accusation against her. (Pl.'s Compl. ¶ 23.)

On March 9, 2018, AHHC moved to dismiss the Plaintiff's complaint against it, asserting its report to the Board of Nursing engenders statutory immunity and is subject to common-law, conditional privilege.[1]

## II. Discussion

### A. 12(b)(6) Standard

In reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v.*

---

[1] AHHC attached to its motion a copy of its cover letter to the Board of Nursing, dated December 12, 2016, and three written accounts of AHHC employees summarizing their investigation into the allegations against Ms. Shepard. AHHC argues the Court can consider these documents without converting the present motion to a motion for summary judgment under the rule that "documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43. Contrary to AHHC's assertions, these are not the type of documents the Court may consider without converting the motion to dismiss to a motion for summary judgment. The rationale underlying the rule is that the types of documents permissibly considered are those about which the plaintiff had prior notice and therefore need not have the opportunity to respond that she would be afforded at the summary judgment stage. *See id.* There is no indication Ms. Shepard had any prior notice of any of these documents. Plaintiff also contests the accuracy of the date on the December 12, 2016 cover letter from AHHC to the Board of Nursing. (*See* Pl.'s Opp. at 7-8.) Accordingly, the Court will not consider those documents in resolving the present motion to dismiss.

2

*Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

### B. Analysis

AHHC argues the Plaintiff's complaint should be dismissed because its report to the Board of Nursing is (1) immune under the Maine Health Security Act (MHSA), 24 M.R.S. § 2511, (2) immune under 32 M.R.S. § 2108-A, and (3) subject to the common-law, conditional privilege.

"An affirmative defense of immunity may be raised by a motion to dismiss for failure to state a claim." *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (citations omitted). A complaint may be dismissed based on immunities or other affirmative defenses if the "facts giving rise to the defense appear on the face of the complaint." *Shaw v. Southern Aroostook Community Sch. Dist.*, 683 A.2d 502, 504 (Me. 1996) (citation omitted).

### 1. Immunity under MHSA

AHHC first contends it is entitled to immunity under MHSA, which provides in pertinent part:

> Any person acting without malice, any . . . health care entity . . . and any entity required to report under this chapter are immune from civil liability . . . [f]or making any report or other information available to any board, appropriate authority, professional competence committee or professional review committee pursuant to law[.]

24 M.R.S. § 2511(1). "The specific terms of section 2511 give [health care entities] immunity from any suit claiming harm by defamation, slander . . . or any other cause of action seeking damages or other remedies based on [the entity]'s report to the [applicable professional b]oard." *Lalonde*, 2017 ME 22, ¶ 13, 155 A.3d 426. If AHHC qualifies as a "health care entity" under MHSA, then it is entitled to immunity under section 2511 absent a showing that it acted without

3

malice. *See Strong v. Brakeley*, 2016 ME 60, ¶ 12, 137 A.3d 1007, 1011 ("the absence of malice is a requirement for anyone seeking immunity pursuant to section 2511 who otherwise does not fall within any of the listed categories of eligible reporters.").

The parties dispute whether AHHC qualifies as a "health care entity," which is defined in pertinent part as "[a]n entity that provides or arranges for health care services and that follows a written professional competence review process." 24 M.R.S. § 2502(1-D)(A). Despite AHHC's assertions otherwise, nothing on the face of the Plaintiff's Complaint indicates AHHC "follows a written professional competence review process." Accordingly, for the purposes of the present motion, AHHC will be entitled to a dismissal based on immunity under section 2511 if it can demonstrate that AHHC acted without malice.

AHHC contends there is no allegation in the Plaintiff's Complaint that AHHC acted with malice. In the context of defamation, a statement is made with "actual malice" if it is made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964); *see also Gautschi v. Maisel*, 565 A.2d 1009, 1011 (Me. 1989) (defining statement made with "malicious intent" as one uttered "knowing that it was false or in reckless disregard of its truth or falsity.") "A reckless disregard for the truth exists only if the speaker had a 'high degree of awareness of the probable falsity or serious doubt as to the truth of the statement.'" *Morgan v. Kooistra*, 2008 ME 26, ¶ 34, 941 A.2d 447 (quoting *Rippett v. Bemis*, 672 A.2d 82, 97 (Me. 1996)).

Ms. Shepard alleges that "Defendants acted with reckless disregard as to whether the statement was true." (Pl.'s Compl. ¶ 24.) While conclusory, this allegation is supported by the reasonable inference that arises from the preceding paragraphs of the complaint—that AHHC's report to the Board of Nursing was made only after AHHC had reason to malign Ms. Shepard's

4

reputation (i.e., after receiving notice of a potential employment suit) and was based entirely on an unsubstantiated, improbable, and salacious allegation. The fact that Ms. Shepard was alleged to have performed a sex act on an elderly patient toward the end of his months' long battle with terminal cancer, and within two weeks of his ultimate death, should have raised a serious doubt as to the veracity of Ms. Marcoux's allegation.

Viewing the facts alleged in the complaint in the light most favorable to Ms. Shepard, the Court cannot conclude that AHHC is afforded absolute immunity under MHSA, or that AHHC made the report without reckless disregard for the veracity of Ms. Marcoux's allegation.

### 2. Immunity under 32 M.R.S. § 2108-A

AHHC next contends its report of Ms. Marcoux's allegations against Ms. Shepard are entitled to immunity because "[a]n individual or health care facility acting in good faith is immune from civil liability to [a licensed nurse] . . . for . . . [m]aking a report or other information available to the [State Board of Nursing] . . . ." 32 M.R.S. § 2108-A(1); *see also* 32 M.R.S. §§ 2102(1), (4).

Plaintiff rejoins that the facts, as alleged, give rise to the inference that AHHC's report to the Board of Nursing was made in bad faith. Specifically, the report was made more than a month after Diane Marcoux's initial complaint, immediately after AHHC had notice that Ms. Shepard was contemplating an employment suit against it, and without additional investigation into the veracity of the reports. Accordingly, the Court cannot conclude that AHHC is entitled to immunity under 32 M.R.S. § 2108-A at this juncture.

### 3. Common Law Conditional Privilege

Finally, AHHC argues its report to the Board of Nursing is privileged under the common-law rule that:

5

An allegedly false statement, published to a third party, is subject to a conditional privilege if (1) the statement is made through "normal channels" to further an important public interest; (2) the third party's knowledge of the information will serve the lawful protection of that interest; and (3) the publisher of the statement does not act with malice or a reckless disregard for the truth or falsity of the statement.

*Morgan*, 2008 ME 26, ¶ 31, 941 A.2d 447.

As discussed above, Plaintiff has alleged facts which, if true, would support a finding that AHHC acted with malice in reporting the allegations to the Board of Nursing. Accordingly, dismissal is not warranted on the basis of a conditional privilege at this stage.

### III. Conclusion & Order

Plaintiff has alleged facts which, if true, would warrant a finding that AHHC's report to the Board of Nursing was not entitled to absolute immunity under MHSA, was made with reckless disregard for the truth or falsity of the facts reported, and was made in bad faith.

Accordingly, the entry shall be:

"Defendant Able Home Health Care, Inc.'s Motion to Dismiss the Plaintiff's Complaint is hereby DENIED"

### SO ORDERED.

Dated: November 28, 2018

John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 11/30/18

Copies sent to the following parties/counsel on: _____

Attorney Younger   Attorney Greco
                   Attorney Vanga